UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

DAVID EARL BURGERT JR.,                               Civil No. 06-3286 (PJS/AJB)

        Petitioner,

    v.                                             **REPORT AND RECOMMENDATION**

UNITED STATES OF AMERICA,
U.S. ATTORNEY GENERAL,
U.S. DEPARTMENT OF HEALTH
(SECRETARY), FEDERAL BUREAU OF
PRISONS, MARTY ANDERSON,
DAVID EDWARDY, (FNN) O'GRADY,
B. GLAVINOVICH, and
1 UNKNOWN HEAD OF PHARMACY,

        Respondents.

Petitioner commenced this action by filing a pleading entitled "Petition/Motion For Emergency Relief," (Docket No. 1), which was construed to be an application for habeas corpus relief brought under 28 U.S.C. § 2241.[1] The matter has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that this action be DISMISSED WITHOUT PREJUDICE.

The Court reviewed Petitioner's pleading immediately after this case was opened, and found that Petitioner was not challenging the fact or duration of his confinement, but rather, he was challenging only the <u>conditions</u> of his confinement. Because habeas corpus is not an

---

[1] It appeared to the Clerk's Office, and to this Court, that Petitioner must have intended for his pleading to be treated as a habeas corpus petition, because the pleading was accompanied by a filing fee of $5.00, which is the proper filing fee only for habeas corpus proceedings. <u>See</u> 28 U.S.C. § 1914(a).

appropriate remedy for a prisoner's "conditions of confinement" claims, the original petition was summarily dismissed without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases In The United States District Courts. (See Order dated August 15, 2006; [Docket No. 5].)

Petitioner was granted leave to file an amended pleading, to be prepared and submitted as a non-habeas civil rights complaint. He was also directed to pay the filing fee for a non-habeas civil action, or else apply for leave to proceed in forma pauperis, ("IFP"), and pay the initial partial filing fee required by 28 U.S.C. § 1915(b)(1). The Court's order expressly advised Petitioner that if he did not file an amended pleading, and pay his filing fee, (or satisfy the requirements for proceeding IFP), by September 15, 2006, he would be deemed to have abandoned this action, and it would be recommended that the action be dismissed pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute.

The deadline for complying with the Court's prior order has now expired, and Petitioner has not filed a civil complaint, nor has he taken any action to resolve the filing fee matter. Indeed, Petitioner has not communicated with the Court at all since he filed his original pleading, more than six weeks ago. Therefore, it is now recommended, in accordance with the Court's prior order, that Petitioner be deemed to have abandoned this action, and that the action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b). See also Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (recognizing that a federal court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").

## RECOMMENDATION

Based upon the above, and upon all the records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

This action be **DISMISSED WITHOUT PREJUDICE**.

Dated: September 21, 2006

    s/ Arthur J. Boylan
ARTHUR J. BOYLAN
United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before October 6, 2006.